# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.: 8:21-cr-209-WFJ-CPT

JOHN DOE
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, John Doe, USM#: 69329-509, moves, *pro se*, (Dkt. 147) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On October 3, 2023, John Doe was sentenced to 84 months in prison under 18 U.S.C. § 1542 (Count One—making false statements in an application for a U.S. passport) and 18 U.S.C. § 1028A(a)(1) (Count Two—aggravated identity theft). Mr. John Doe's total offense level was 10. He was assessed no criminal history points, but his criminal history was category III. Mr. John Doe's advisory sentencing range was 10-16 months on Count One, and a two-year minimum mandatory on Count Two. The Court imposed 60 months as to Count One with a consecutive two-year term on Count Two. The Court varied upward 12 levels to an above-the-guidelines sentence in consideration of the Defendant's "continued engagement in criminal activity, the length of time of the crime, seriousness of

offense, to promote respect for the law, the extreme victim hardship (the victim had a lifetime of struggles as a result of the defendant's conduct), and the need to provide protection for the public." Dkt. S-143 at 3.  The Bureau of Prisons online inmate locator shows a release date from BOP custody of March 13, 2028.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is impermissible under Part B, subpart 1, because Mr. John Doe personally caused substantial financial hardship.  *See* USSG § 4C1.1(a)(6).

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 153.  A motion for sentence reduction will not be filed on behalf of Mr. John Doe because he "does not meet the criteria set forth at USSG § 4C1.1(a)(6)" as he "personally caused substantial financial hardship."  *Id*.  The Court provided 21 days for any *pro se* filing.  Dkt. 154.  Nothing has been filed.

The Court varied upward taking into account all the considerations set forth above. Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 84-month sentence. Defendant stole an individual's identity for three decades. The individual was a disabled veteran. He suffered VA and SSA investigations, briefly lost his Social Security benefits, and was denied credit based on the identity theft. The victim also developed many physical and mental problems as a result of Defendant's crimes. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. John Doe's *pro se* motion (Dkt. 147) for a reduction in sentence is **DENIED**. His sentence remains unchanged. Also, Doe is an illegal alien who previously served a lengthy prison sentence for homicide. *See* Dkt. 17 at 4; Dkt. 137.

**DONE AND ORDERED** at Tampa, Florida on September 25, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE